UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
DEUTSCHE BANK NATIONAL TRUST                :
COMPANY, as Trustee,                        :
                                            :       CASE NO. 1:07-CV-2559
                    Plaintiff,              :
                                            :
vs.                                         :       OPINION & ORDER
                                            :       [Resolving Docs. No. 1, 13]
GRACE L. FLACHBART, ET AL.                  :
                                            :
                    Defendants.             :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Before this Court is a motion for default judgment and a decree of foreclosure on the property located at 4380 West 155th Street, Cleveland, Ohio 44135, filed by the Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank"). [Doc. 13.]  The Defendants have not opposed the motion.  For the following reasons, this Court **DENIES** the Plaintiff's motion for default judgment and **DISMISSES** this case without prejudice.

                                    I. Background

        On August 23, 2007, Plaintiff Deutsche Bank filed a complaint against the Defendants for foreclosure on the property located at 4380 West 155th Street, Cleveland, Ohio 44135.  [Doc. 1.]  The Plaintiff claimed that this Court possessed subject matter jurisdiction over the case based on federal diversity jurisdiction.  *Id.*  The Plaintiff alleged that the Defendants had defaulted on the note

Case No. 1:07-CV-2559
Gwin, J.

and mortgage that they executed on the property.  *Id.*  On November 6, 2007, the Plaintiff filed the present motion for default judgment and for a decree of foreclosure on the property.  [Doc. 13.]

## II. Discussion

Parties that file cases in federal court on the basis of diversity jurisdiction bear the burden of establishing that such subject matter jurisdiction exists.  *Coyne v. Am. Tobacco Co.*, 183 F. 3d 488, 493 (6th Cir. 1999).  As a jurisdictional prerequisite, the plaintiff must establish that he or she has standing to bring the lawsuit in federal court.  *Id.* at 494; *Lewis v. Casey,* 518 U.S. 343, 349 n.1 (1996).  The issue of standing must remain open to judicial review at every stage of the litigation. *Nat'l Org. for Women, Inc. v. Scheidler,* 510 U.S. 249, 255 (1994).  In order to demonstrate standing, a plaintiff must prove that he has suffered an injury in fact, the injury must be "fairly traceable" to the defendant, and the requested relief must be capable of redressing the injury.  *Coyne,* 183 F.3d at 494. Article III of the U.S. Constitution requires that the plaintiff demonstrate that he has personally suffered an actual injury due to the defendant's conduct.  *Id.*

In this case, the Plaintiff, Deutsche Bank National Trust Company, claims that it is the holder and owner of the note and mortgage executed on the Defendants' property.  [Doc. 1.]  However, upon close examination of the record, the note and mortgage provided by the Plaintiff show that the mortgagee at the time of the filing of the complaint was the original lender, Argent Mortgage Company, LLC.  *Id.*  Additionally, the Preliminary Judicial Report, which the Plaintiff attached as an exhibit to the complaint, does not mention the Plaintiff at all in its record of chain of title.  *Id.*

The Court's Fifth Amended General Order No. 2006-16, governing foreclosure cases based on diversity jurisdiction, requires the Plaintiff to file an affidavit with the complaint that identifies the Plaintiff either as the original mortgage holder, an assignee, trustee, or successor-in-interest.  The

Case No. 1:07-CV-2559
Gwin, J.

August 21, 2007 affidavit filed by the Plaintiff is misleading.  [Doc. 1.]  In addition to naming the wrong individual as the Defendant in this case, the Plaintiff also attested that it was the owner and holder of the relevant promissory note and mortgage.  *Id.*  The Plaintiff did not indicate any assignment of interest.  *Id.*

The Plaintiff has still not filed a notice of an assignment of the mortgage, but stated that such an assignment occurred in its Final Judicial Report.  [Doc. 9.]  The Report indicates that Argent Mortgage Securities, Inc. assigned the mortgage in this case to the Plaintiff Deutsche Bank on August 27, 2007 and subsequently recorded the assignment on September 6, 2007.  *Id.*  The original lender's assignment of the interest in the relevant property to the Plaintiff thus occurred after the present lawsuit was commenced on August 23, 2007.

The record, therefore, does not show that the Plaintiff was the owner and holder of the interest, title, and rights under the mortgage and note at the time of the filing of the foreclosure complaint on August 23, 2007.  Plaintiff Deutsche Bank does not appear to have had any ownership interest at the time that this lawsuit was commenced.  The Plaintiff, therefore, has not carried its burden of proving standing because it has not shown that it personally suffered an actual injury prior to the filing of the complaint.  *Coyne*, 183 F. 3d at 494.  Plaintiff Deutsche Bank has thus not met the prerequisite for establishing that subject matter jurisdiction exists in this case.

III. Conclusion

The Court, therefore, **DENIES** the Plaintiff's motion for default judgment and **DISMISSES** this case without prejudice.  Accordingly, all orders of the Court and any entries by the Clerk are vacated.  If the Plaintiff has information to establish that it was the owner and holder of the note and mortgage as of the date that the complaint was filed, the Plaintiff may provide that evidence to the

Case No. 1:07-CV-2559
Gwin, J.

Court and seek reconsideration of this Order.

      IT IS SO ORDERED.


Dated: November 29, 2007           s/        *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE